

FILED

AUG 3 0 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

TERESA BANKS
5684 BAY STREET 450
EMERYVILLE, CA 94608
5103309630
I.EMAILED@YAHOO.COM

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

| | |
|---|---|
| TERESA BANKS, | Case No.: C18-5361 , LB |
| Plaintiff, | |
| vs. | INTENTIONAL TORTS |
| | FRAUD, DEFAMATION, IIED, CRIMINAL TORTS |
| LAMONT BANKS, | |
| Defendant | RELATED TO FEDERAL CASE 18cv04530 AND 18cv04833 ` |

I, Teresa Banks, give notice to the U.S. District Court of the Northern California Division that the

defendant Knowingly and Willfully, Materiality existing, committed crimes by Concealment, False Statements, and

False Writings, perjury, civil RICO, Civil and criminal Conspiracy, breaking and entering, torture, terrorism,

stalking, defamation, libel, slander, intentional infliction of emotional distress by the most outrageous behavior

which also included parental alienation syndrome, the use of many third parties and by way of a host of additional

crimes to intentionally ruin the plaintiffs life permanently.  The defendant is committing perjury still and causing

additional law suits against judges and attorneys due to the extreme manipulation and perjury this defendant is using

in another case.  The defendant swore to the plaintiff in 2012 that he would "go back to the penitentiary" over any

man that the plaintiff would be with and plaintiff believes that defendant has made it his life's mission to ruin hers

and he has gone too lengths criminally, to take everything from her and plaintiff is fearful for her safety, and her

rights. The defendant has used the children in his mission to hurt the plaintiff. He has hidden assets in their names,

and he has spread false statements to the children and to every person within reach of the plaintiff by scaring them

CRIMINAL COMPLAINTINTENTIONAL TORTSRELATED TO FEDERAL CASE 18cv04530 - 1

from communicating with plaintiff with such statements that the feds were after the plaintiff for credit card fraud. The defendant has made false police reports and filed false documents. The defendants CPA has been subpoenaed for business records and the defendants state attorney Melissa Polk has commandeered the records and then forwarded the records from her office which is interference with a subpoena. The records did produce another set of completely different corporate articles of incorporation which were fake. The CPA was one of the parties that participated in the takeover of plaintiff's business. Defendants attorney Melissa Polk has stated under oath that she contacted keepers of all records that plaintiff has subpoenaed and instructed them which records they could release. The defendant threatened plaintiff with every step she has made to be independent from the marriage. Defendant told plaintiff she will regret leaving him if things don't go his way.

Civil Remedies (18 U.S.C. 1964)

Acquisition by One Corporation The Stock of Another (15 U.S. Code 18)

RICO (18 U.S.C. Chapter 96)

Stalking (18 U.S.C 2261A)

Defamation (28 U.S.C 4101)

False Information and Hoaxes (18 U.S. Code § 1038)

Perjury Generally (18 U.S.C. § 1621)

Testimonial Perjury Generally (18 U.S.C. § 1621(1))

False Writings as Perjury Generally (18 U.S.C. § 1621(2))

Perjury in a Judicial Context (18 U.S.C. § 1623)

Subornation of Perjury (18 U.S.C. § 1622)

Conspiracy (18 U.S.C. § 371)

Conspiracy to Interfere with Civil Rights (42 U.S.C. 1985)

Conspiracy Against Rights (18 U.S.C. 241)

False declarations before grand jury or court (18 U.S. Code 1623)

Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to **any**

**court** or **grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both.**

**18 U.S. Code § 1964 - Civil remedies**

(a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

(b) The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.

(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

(d) A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.

**CIVIL AND CRIMINAL RICO AND TORTURE**

CRIMINAL COMPLAINTINTENTIONAL TORTSRELATED TO FEDERAL CASE 18cv04530 - 3

**18 U.S. Code § 2340 - Definitions**

(1) "torture" means an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control;

(2)"severe mental pain or suffering" means the prolonged mental harm caused by or resulting from—

(A) the intentional infliction or threatened infliction of severe physical pain or suffering;

(B) the administration or application, or threatened administration or application, of mind-altering substances or other procedures calculated to disrupt profoundly the senses or the personality;

(C) the threat of imminent death; or

(D) the threat that another person will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind-altering substances or other procedures calculated to disrupt profoundly the senses or personality; and

(3) "United States" means the several States of the United States, the District of Columbia, and the commonwealths, territories, and possessions of the United States.

I pray for the federal court to help me and hear my case. I have no money for an attorney and I am spending all of my time trying to learn to become one by the enormous amount of work it takes to get documents to read correctly just to get fair justice. I have been denied every right there is. The defendant has never complied with any court orders and this has completely ruined my life just like he promised he would. The complaint listed above is provable and documented. He has hidden cars in our kids names. He has never been honest about his income. He has hidden his fiancé's AKA name from our divorce case and the ownership of the property they are buying, they send money secretly from those accounts to our children, he has committed the crimes listed in this complaint to take my company after signing and notarizing a document signing his rights away to the company. Interference with subpoenas and hiding of information of the business he converted with new partners and the business he stole from me by way of many crimes must be heard in a court of law. I did not know that I could file a criminal complaint until now and so I am hoping that the federal court will take this case. I have been denied every remedy from the state court in our divorce case. The actions that are the reason for this criminal complaint are the very root of this

CRIMINAL COMPLAINTINTENTIONAL TORTSRELATED TO FEDERAL CASE 18cv04530 - 4

spiraling of crimes committed by the defendant. I believe that if the federal court will accept my cases a fair and just ending will come.

Plaintiff seeks relief under 15 U.S. Code § 15 - Suits by persons injured and any additional avenues available to her. Plaintiff's business was a thriving entity that was the largest of its kind in the country. The defendant's actions have cause multiple law suits against the plaintiff, the ruin of her reputation, the inability to move forward, the inability to close the corporations correctly, the closing of additional locations, consumer distrust, permanent financial and emotional damage to the plaintiff and the children, and bankruptcy. The defendant walked away with no harm from his actions.

Plaintiff is not an attorney but is requesting one. Plaintiff is not aware of avenues of relief that may be available to her. Plaintiff is asking for the court's patience with her lack of knowledge that an expert in the field of law would have. Plaintiff will file exhibits to support this complaint. Attached are the false articles of incorporation filed by the defendant's attorney in 2012 (exhibit A). The attorney who filed the document was later disbarred for fraud. Second is the actual document filed in June of 2011. The plaintiff added the defendant as a managing member of the LLC through an attorney in September of 2011. In 2012 the parties separated assets prior to a dissolution being filed, notarized an MSA agreement and executed the agreement prior to the dissolution being filed. In that document each party signed away their rights to each others companies and filed a statement of information with the secretary of state accordingly. Two and a half months later, the defendant filed the fake articles of incorporation in the dissolution docket and gave them to law enforcement while committing all of the other crimes listed above and forced the plaintiff into a wrongful eviction, while the defendant made a deal with others and the plaintiffs landlord to reopen the same business under a new name. All parties were under signed non compete agreements with the plaintiff and the plaintiff has the originals of those contracts. Defendant had plaintiff surveyed and stalked her. The case has never been heard. The defendant has filed motions to quash subpoenas in the state court for business records, police reports and other information that will lead to the exposing of the crimes that were committed. This case must be heard in the U.S. District court or these wrong doings will never come to justice.

I swear that the statements are true and correct under penalty of perjury,

CRIMINAL COMPLAINTINTENTIONAL TORTSRELATED TO FEDERAL CASE 18cv04530 - 5

This 28th day of August, 2018,

_____

Teresa Banks

Dated this day of Month, year.

_____
Attorney Name



| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Hal E. Wright, SBN 157814<br>216 F Street, #116<br>Davis, CA 95616<br><br>TELEPHONE NO.: 530-616-8529    FAX NO.:<br>ATTORNEY FOR (Name): Lamont N. Banks, Sr. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amqador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94541
BRANCH NAME:

PETITIONER/PLAINTIFF: Teresa A. Banks

RESPONDENT/DEFENDANT: Lamont N. Banks, Sr.

OTHER PARENT:

| ORDER TO SHOW CAUSE AND<br>AFFIDAVIT FOR CONTEMPT | CASE NUMBER:<br>HF12-628212 |
|---|---|

| NOTICE! | ¡AVISO! |
|---|---|
| A contempt proceeding is criminal in nature. If the court finds you in contempt, the possible penalties include jail sentence, community service, and fine. | Un proceso judicial por desacato es de índole criminal. Si la corte le declara a usted en desacato, las sanciones posibles incluyen penas de prisión y de servicio a la comunidad, y multas. |
| You are entitled to the services of an attorney, who should be consulted promptly in order to assist you. If you cannot afford an attorney, the court may appoint an attorney to represent you. | Usted tiene derecho a los servicios de un abogado, a quien debe consultar sin demora para obtener ayuda. Si no puede pagar a un abogado, la corte podrá nombrar a un abogado para que le represente. |

1. TO CITEE *(name of person you allege has violated the orders):* Teresa A. Banks

2. YOU ARE ORDERED TO APPEAR IN THIS COURT AS FOLLOWS, TO GIVE ANY LEGAL REASON WHY THIS COURT SHOULD NOT FIND YOU GUILTY OF CONTEMPT, PUNISH YOU FOR WILLFULLY DISOBEYING ITS ORDERS AS SET FORTH IN THE AFFIDAVIT BELOW AND ANY ATTACHED *AFFIDAVIT OF FACTS CONSTITUTING CONTEMPT;* AND REQUIRE YOU TO PAY, FOR THE BENEFIT OF THE MOVING PARTY, THE ATTORNEY FEES AND COSTS OF THIS PROCEEDING.

| a. Date: | Time: | Dept.: | Rm.: |
|---|---|---|---|

b. Address of court: ☑ same as noted above    ☐ other *(specify):*

Date:

_____
JUDICIAL OFFICER

**AFFIDAVIT SUPPORTING ORDER TO SHOW CAUSE FOR CONTEMPT**

3. ☐ An *Affidavit of Facts Constituting Contempt* (form FL-411 or FL-412) is attached.

4. Citee has willfully disobeyed certain orders of this court as set forth in this affidavit and any attached affidavits.

5. a. Citee had knowledge of the order in that
   (1) ☐ citee was present in court at the time the order was made.
   (2) ☐ citee was served with a copy of the order.
   (3) ☐ citee signed a stipulation upon which the order was based.
   (4) ☑ other *(specify):* Citee is the Petitioner is this action and is aware of the standard family law
   restraining orders contained in the Summons served on her behalf to Respondent.
       ☐ Continued on Attachment 5a(4).
   b. Citee was able to comply with each order when it was disobeyed.

6. Based on the instances of disobedience described in this affidavit
   a. ☑ I have not previously filed a request with the court that the citee be held in contempt.
   b. ☐ I have previously filed a request with the court that the citee be held in contempt *(specify date filed and results):*

☐ Continued on Attachment 6b.

Form Adopted for Mandatory Use
Judicial Council of California
FL-410 [Rev. January 1, 2003]

**ORDER TO SHOW CAUSE AND AFFIDAVIT FOR CONTEMPT**

Family Code, § 292;
Code of Civil Procedure, §§ 1211.5, 2015.5
www.courtinfo.ca.gov

Scanned with CamScanner

74

| PETITIONER/PLAINTIFF: Teresa A. Banks | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: Lamont N. Banks, Sr. | HF12-628212 |
| OTHER PARENT: | |

7. ☐ Citee has previously been found in contempt of a court order *(specify case, court, date):*

☐ Continued on Attachment 7.

8. ☑ Each order disobeyed and each instance of disobedience is described as follows:
   a. ☐ Orders for child support, spousal support, family support, attorney fees, and court or other litigation costs (see attached *Affidavit of Facts Constituting Contempt* (form FL-411))
   b. ☐ Domestic violence restraining orders and child custody and visitation orders (see attached *Affidavit of Facts Constituting Contempt* (form FL-412))
   c. ☑ Injunctive or other order *(specify which order was violated, how the order was violated, and when the order was violated):*

   Citee has hypothecated, disposed of, wasted and/or destroyed community or quasi-community assets of the marriage namely the assets of Dream Courts, LLC. Citee has embezzled funds from Dream Courts, LLC joint account (with Respondent Lamont Banks) and siphoned them to an account(s) in Las Vegas, NV. The funds thusly misappropriated total more than $100,000.

   ☐ Continued on Attachment 8c.
   d. ☑ Other material facts, including facts indicating that the violation of the orders was without justification or excuse *(specify):*

   None of these funds were or are necessary for living expenses for Citee. Respondent Lamont Banks in the sole owner/managing member of Dream Courts, LLC.

   ☐ Continued on Attachment 8d.
   e. ☐ I am requesting that attorney fees and costs be awarded to me for the costs of pursuing this contempt action. (A copy of my *Income and Expense Declaration* (form FL-150) is attached.)

WARNING: IF YOU PURSUE THIS CONTEMPT ACTION, IT MAY AFFECT THE ABILITY OF THE DISTRICT ATTORNEY TO PROSECUTE THE CITEE CRIMINALLY FOR THE SAME VIOLATIONS.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7-10-12

Lamont Banks
(TYPE OR PRINT NAME)

▶ Lamont Banks
(SIGNATURE)

FL-410 [Rev. January 1, 2003]

Page 2 of 4

ORDER TO SHOW CAUSE AND AFFIDAVIT FOR CONTEMPT

Scanned with CamScanner

## INFORMATION SHEET FOR ORDER TO SHOW CAUSE
## AND AFFIDAVIT OF FACTS CONSTITUTING CONTEMPT

### (Do NOT deliver this Information Sheet to the court clerk.)

Please follow these instructions to complete the *Order to Show Cause and Affidavit for Contempt* (form FL-410) if you do not have an attorney to represent you. Your attorney, if you have one, should complete this form, as well as the *Affidavit of Facts Constituting Contempt* (form FL-411 or form FL-412). You may wish to consult an attorney for assistance. Contempt actions are very difficult to prove. An attorney may be appointed for the citee.

### INSTRUCTIONS FOR COMPLETING THE ORDER TO SHOW CAUSE AND AFFIDAVIT OF FACTS CONSTITUTING CONTEMPT (TYPE OR PRINT FORM IN INK):

If the top section of the form has already been filled out, skip down to number 1 below. If the top section of the form is blank, you must provide this information.

Front page, first box, top of form, left side: Print your name, address, telephone number, and fax number, if any, in this box. If you have a restraining order and wish to keep your address confidential, you may use any address where you can receive mail. **You can be legally served court papers at this address.**

Front page, second box, left side: Print the name of the county where the court is located and insert the address and any branch name of the court building where you are seeking to obtain a contempt order. You may get this information from the court clerk. This should be the same court in which the original order was issued.

Front page, third box, left side: Print the names of the Petitioner, Respondent, and Other Parent (if any) in this box. Use the same names as appear on the most recent court order disobeyed.

Front page, first box, top of form, right side: Leave this box blank for the court's use.

Front page, second box, right side: Print the court case number in this box. This number is also shown on the most recent court order disobeyed.

Item 1: Insert the name of the party who disobeyed the order ("the citee").

Item 2: The court clerk will provide the hearing date and location.

Item 3: Either check the box in item 3 and attach an *Affidavit of Facts Constituting Contempt* (form FL-411 for financial orders or form FL-412 for domestic violence, or custody and visitation orders), or leave the box in item 3 blank but check and complete item 8.

Item 5: Check the box that describes how the citee knew about the order that has been disobeyed.

Item 6: a. Check this box if you have not previously applied for a contempt order.

b. Check this box if you have previously applied for a contempt order and briefly explain when you requested the order and results of your request. If you need more space, check the box that says "continued on Attachment 6b" and attach a separate sheet to this order to show cause.

Item 7: Check this box if the citee has previously been found in contempt by a court of law. Briefly explain when the citee was found in contempt and for what. If there is not enough space to write all the facts, check the box that says "continued on Attachment 7" and attach a separate sheet to this order to show cause.

Item 8: a. Check this box if the citee has disobeyed orders for child support, custody, visitation, spousal support, family support, attorney fees, and court or litigation costs. Refer to item 1a on *Affidavit of Facts Constituting Contempt* (form FL-411).

b. Check this box if the citee has disobeyed domestic violence orders or child custody and visitation orders. Refer to *Affidavit of Facts Constituting Contempt* (form FL-412).

FL-410 [Rev. January 1, 2003]                                                                                    Page 3 of 4

**ORDER TO SHOW CAUSE AND AFFIDAVIT FOR CONTEMPT**

**Scanned with CamScanner**

**Information Sheet** *(continued)*

Item 8: c. If you are completing this item, use facts personally known to you or known to the best of your knowledge. State the facts in detail. if there is not enough space to write all the facts, check the box that says "continued on Attachment 8c" and attach a separate sheet to this order to show cause, including facts indicating that the violation of the orders was without justification or excuse.

d. Use this item to write other facts that are important to this order. If you are completing this item, insert facts personally known to you, or known to the best of your knowledge. State facts in detail. If there is not enough space to write all the facts, check the box that says "Continued on Attachment 8d" and attach a separate sheet to the order to show cause.

e. If you request attorney fees and/or costs for pursuing this contempt action, check this box. Attach a copy of your *Income and Expense Declaration* (form FL-150).

Type or print and sign your name at the bottom of page 2.

If you checked the boxes in item 3 and item 8a or 8b, complete the appropriate *Affidavit of Facts Constituting Contempt* (form FL-411), following the instructions for the affidavit above.

Make at least three copies of the *Order to Show Cause and Affidavit for Contempt* (form FL-410) and any supporting *Affidavit of Facts Constituting Contempt* (form FL-411 or FL-412) and the *Income and Expense Declaration* (form FL-150) for the court clerk, the citee, and yourself. If the district attorney or local child support agency is involved in your case, you must provide a copy to the district attorney or local child support agency.

Take the completed form(s) to the court clerk's office. The clerk will provide hearing date and location in item 2, obtain the judicial officer's signature, file the originals, and return the copies to you.

Have someone who is at least 18 years of age, who is not a party, serve the order and any attached papers on the disobedient party. For example, a process server or someone you know may serve the papers. **You may not serve the papers yourself. Service must be personal; service by mail is insufficient.** The papers must be served at least 21 calendar days before the court hearing. The person serving papers must complete a *Proof of Personal Service* (form FL-330) and give the original to you. Keep a copy for yourself and file the original *Proof of Personal Service* (form FL-330) with the court.

*If you need assistance with these forms, contact an attorney or the Family Law Facilitator in your county.*

**ORDER TO SHOW CAUSE AND AFFIDAVIT FOR CONTEMPT**

Scanned with CamScanner

# SINGLE-MEMBER
# OPERATING ARRANGEMENT
# OF
# DREAM COURTS
# LIMITED LIABILITY COMPANY
# STATE OF CALIFORNIA

THIS OPERATING ARRANGEMENT is hereby established; this the 15th day of June, 2007, by Lamont Banks the Initial Member.

The Initial Member contemplates that additional Members may join the limited liability company in the future, and the following Operating Arrangement has therefore been developed.

## ARTICLE I
## FORMATION OF LIMITED LIABILITY COMPANY

1.      Formation of LLC. The Initial Member has formed a limited liability company in the State of California named Dream Courts, LLC ("LLC"). The operation of the LLC shall be governed by the terms of this Arrangement and the applicable laws of the State of California relating to the formation, operation and taxation of a LLC. To the extent permitted by law, the terms and provisions of this Arrangement shall control if there is a conflict between state law and this Arrangement. The LLC shall be taxed as a sole proprietorship until and unless additional Members are added, after which the LLC will be taxed as a partnership. Any provisions of this Arrangement that may cause the LLC not to be taxed as a sole proprietorship or partnership shall be inoperative.

2.      Articles of Organization. The Initial Member has caused to be filed Articles of Organization, ("Articles") of record with the state, thereby creating the LLC.

3.      Business. The business of the LLC shall be:

   a) To operate a sport facility for public and private purposes and
   b) To conduct or promote any lawful businesses or purposes that a limited liability company is legally allowed conducting or promoting, within this state or any other jurisdiction.

4.      Registered Office and Registered Agent. The registered office and place of business of the LLC shall be _2579 Jacobs Street Hayward CA 94541 and the registered agent at such office shall be Lamont Banks.. The registered office and/or registered agent may be changed from time to time

5.      Duration. The LLC will commence business as of the date of filing its Articles and will continue in perpetuity.

- 1 -

**Scanned with CamScanner**

6.    Fiscal Year. The LLC's fiscal and tax year shall end December 31.

## ARTICLE II
## MEMBERS

7.    Initial Member. The Initial Member of the LLC is Lamont Banks.

8.    Additional Members. The first new Member, or new Members if several are to be added simultaneously, may be admitted only upon the approval of the Initial Member. Following the addition of a Member or Members, further new Members may be admitted only upon the consent of a majority of the existing Members and upon compliance with the provisions of this Arrangement.

## ARTICLE III
## MANAGEMENT

9.    Management. The Initial Member shall manage the LLC, and shall have authority to take all necessary and proper actions to conduct the business of the LLC. Anyone authorized by the Initial Member may take any authorized action on behalf of the LLC.

## ARTICLE IV
## CONTRIBUTIONS, PROFITS, LOSSES, AND DISTRIBUTIONS

10.    Interest of Members. Each Member shall own a percentage interest (sometimes referred to as a share) in the LLC. The Member's percentage interest shall be based on the amount of cash or other property that the Member has contributed to the LLC and that percentage interest shall control the Member's share of the profits, losses, and distributions of the LLC.

11.    Initial Contribution. The initial contribution of the Initial Member is $1,000, representing a 100% interest in the LLC.

12.    Additional Contributions. In the event additional Members are added, upon a majority vote, the Members may be called upon to make additional cash contributions as may be necessary to carry on the LLC's business. The amount of any additional cash contribution shall be based on the Member's then existing percentage interest. To the extent a Member is unable to meet a cash call, the other Members can contribute the unmet call on a pro rata basis based on the Members' percentage interests at that time, and the percentage interest of each Member will be adjusted accordingly.

13.    Record of Contributions/Percentage Interests. A record shall be kept of all contributions to, and percentage interests in, the LLC. This Arrangement, any amendment(s) to this Arrangement, and all Resolutions of the Members of the LLC shall constitute the record of the Members of the LLC and of their respective interest therein.

- 2 -

Scanned with CamScanner

14.    Profits and Losses. The profits and losses and all other tax attributes of the LLC shall be allocated to the Initial Member until such time as additional Members are added at which time, the profits and losses and all other tax attributes of the LLC shall be allocated to the Members on the basis of the Members' percentage interests in the LLC.

15.    Distributions. Any Distributions of cash or other assets of the LLC (other than in dissolution of the LLC) shall be made in the total amounts and at the times as determined by the Initial Member. Should additional Members be added, distributions of cash or other assets of the LLC (other than in dissolution of the LLC) shall be made in the total amounts and at the times as determined by a majority of the Members. Any such distributions shall be allocated among the Members on the basis of the Members' percentage interests in the LLC.

16.    Change in Interests. In the event additional Members are added, and if during any year there is a change in a Member's percentage interest, the Member's share of profits and losses and distributions in that year shall be determined under a method which takes into account the varying interests during the year.

### ARTICLE V
### VOTING; CONSENT TO ACTION

17.    Voting by Members. Until such time as additional Members are added, all decisions will be made by the Initial Member. Should additional Members be added, each Member shall be entitled to vote on any matter voted on by the Members. Voting shall be based on the percentage interest owned by each Member. The action may be taken with or without a meeting.

18.    Majority Defined. As used throughout this agreement the term "majority" of the Members shall mean a majority of the ownership interest of the LLC as determined by the records of the LLC on the date of the action. For example, if one Member with a 51% interest votes for passage, and five Members with a combined 49% interest vote against passage, the majority has voted for passage because 51% of the ownership interest has voted for passage.
        Similarly, a reference to a percentage of the Members, for example: "75% of the Members," shall mean a percentage of the ownership interest of the LLC.

19.    Majority Required. Should additional Members be added, any action that requires the vote or consent of the Members may be taken upon a majority vote of the Members, based on the Members' percentage interests unless unanimous consent is required by this Arrangement.

20.    Meetings - Written Consent. Action of the Members or Officers may be accomplished with or without a meeting. If a meeting is held, evidence of the action shall be by Minutes or Resolution reflecting the action of the Meeting, signed by a majority of the Members, or the President and Secretary. Action without a meeting may be evidenced by a written consent signed by a majority of the Members.

21.    Meetings. Meetings of the Members shall be held as determined by the Members or as may be called by a majority of the Members, or if a Manager was selected, then by the Manager of the LLC, or if Officers were elected or appointed, by any officer.

- 3 -

Scanned with CamScanner

## ARTICLE VI
## DISSOCIATION OF MEMBERS

22.    Termination of Membership.  A Member's interest in the LLC shall cease upon the occurrence of one or more of the following events:

(a) A Member withdraws by giving the LLC thirty (30) days written in advance of the withdrawal date.  Withdrawal by a Member is not a breach of this Arrangement.

(b) A Member assigns all of his/her interest (and not merely a partial interest) to a qualified third party.

(c) A Member dies.

(d) There is an entry of an order by a court of competent jurisdiction adjudicating the Member incompetent to manage his/her person or his/her estate.

(e) In the case of an estate that is a Member, the distribution by the fiduciary of the estate's entire interest in the LLC.

(f) In the case of an entity that is a Member, the distribution upon dissolution of the entity's entire interest in the LLC.

(g) A Member, without the consent of a majority of the Members: (1) makes an assignment for the benefit of creditors; (2) files a voluntary petition in bankruptcy; (3) is adjudicated a bankrupt or insolvent; (4) files a petition or answer seeking for himself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law or regulation; (5) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against him in any proceeding of the nature described in this paragraph; (6) seeks, consents to, or acquiesces in the appointment of a trustee, receiver, or liquidator of the Member or of all or any substantial part of his properties; or (7) if any creditor permitted by law to do so should commence foreclosure or take any other action to seize or sell any Member's interest in the LLC.

(h) If within one hundred twenty (120) days after the commencement of any action against a Member seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation, the action has not been dismissed and/or has not been consented to by a majority of the Members.

(i) If within ninety (90) days after the appointment, without a Member's consent or acquiescence, of a trustee, receiver, or liquidator of the Member or of all or any substantial part of the Member's properties, said appointment is not vacated or within ninety (90) days after the expiration of any stay, the appointment is not vacated and/or has not been consented to by a majority of the Members.

(j) Any of the events provided in applicable provisions of state or federal law that are not inconsistent with the dissociation events identified above.

- 4 -

Scanned with CamScanner

23.     Effect of Dissociation.  Any dissociated Member shall not be entitled to receive the fair value of his LLC interest solely by virtue of his dissociation. A dissociated Member that still owns an interest in the LLC shall be entitled to continue to receive such profits and losses, to receive such distribution or distributions, and to receive such allocations of income, gain, loss, deduction, credit or similar items to which he would have been entitled if still a Member. For all other purposes, a dissociated Member shall no longer be considered a Member and shall have no rights of a Member.

## ARTICLE VII
## RESTRICTIONS ON TRANSFERABILITY OF LLC INTEREST;
## SET PRICE FOR LLC INTEREST

24.     LLC Interest.  The LLC interest is personal property. A Member has no interest in property owned by the LLC.

25.     Encumbrance.  A Member can encumber his LLC interest by a security interest or other form of collateral only with the consent of a majority of the other Members. Such consent shall only be given if the proceeds of the encumbrance are contributed to the LLC to respond to a cash call of the LLC.

26.     Sale of Interest.  A Member can sell his LLC interest only as follows:

(a) If a Member desires to sell his/her interest, in whole or in part, he/she shall give written notice to the LLC of his desire to sell all or part of his/her interest and must first offer the interest to the LLC. The LLC shall have the option to buy the offered interest at the then existing Set Price as provided in this Arrangement. The LLC shall have thirty (30) days from the receipt of the assigning Member's notice to give the assigning Member written notice of its intention to buy all, some, or none of the offered interest. The decision to buy shall be made by a majority of the other Members. Closing on the sale shall occur within sixty (60) days from the date that the LLC gives written notice of its intention to buy. The purchase price shall be paid in cash at closing unless the total purchase price is in excess of $1,000,000 in which event the purchase price shall be paid in one payment or equal monthly installments beginning with the date of closing. The installment amounts shall be computed by applying the following interest factor to the principal amount:  interest compounded quarterly at the Quarterly Federal Short-Term Rate existing at closing under the Applicable Federal Rates used for purposes of Internal Revenue Code § 1 274(d), or any successor provision.

(b) To the extent the LLC does not buy the offered interest of the selling Member, the other Members shall have the option to buy the offered interest at the Set Price on a pro rata basis based on the Members' percentage interests at that time. If Member does not desire to buy up to his/her proportional part, the other Members can buy the remaining interest on the same pro rata basis. Members shall have fifteen (15) days from the date the LLC gives its written notice to the selling Member to give the selling Member notice in writing of their intention to buy all, some, or none of the

- 5 -

Scanned with CamScanner

offered interest. Closing on the sales shall occur within sixty (60) days from the date that the Members give written notice of their intention to buy. The purchase price from each purchasing Member shall be paid in cash at closing.

(c) To the extent the LLC or the Members do not buy the offered interest, the selling Member can then assign the interest to a non-Member. The selling Member must close on the assignment within ninety (90) days of the date that he gave notice to the LLC. If he does not close by that time, he must again give the notice and options to the LLC and the LLC Members before he sells the interest.

(d) A non-Member purchaser of a Member's interest cannot exercise any rights of a Member unless a majority of the non-selling Members consent to him becoming a Member. The non-Member purchaser will be entitled, however, to share in such profits and losses, to receive such distributions, and to receive such allocation of income, gain, loss, deduction, credit or similar items to which the selling Member would be entitled, to the extent of the interest assigned, and will be subject to calls for contributions under the terms of this Arrangement. The purchaser, by purchasing the selling Member's interest, agrees to be subject to all the terms of this Arrangement as if he were a Member.

27.   Set Price. The Set Price for purposes of this Arrangement shall be the price fixed by consent of a majority of the Members. The Set Price shall be memorialized and made a part of the LLC records. The initial Set Price for each Member's interest is the amount of the Member's contribution(s) to the LLC, as updated in accordance with the terms hereof. Any future changes in the Set Price by the Members shall be based upon net equity in the assets of the LLC (fair market value of the assets less outstanding indebtedness), considering the most recent appraisal obtained by the LLC for its assets, as may be adjusted by the Members in their discretion. The initial Set Price shall be adjusted upon demand by a Member but not more than once a year unless all Members consent. This basis for determining the Set Price shall remain in effect until changed by consent of a majority of the Members. The Members will consider revising the basis for determining the Set Price at least annually.

## ARTICLE VIII
## OBLIGATION TO SELL ON A DISSOCIATION
## EVENT CONCERNING A MEMBER

28.   Dissociation. Except as otherwise provided, upon the occurrence of a dissociation event with respect to a Member, the LLC and the remaining Members shall have the option to purchase the dissociated Member's interest at the Set Price in the same manner as provided herein and as if the dissociated Member had notified the LLC of his desire to sell all of his LLC interest. The date the LLC received the notice as provided herein triggering the options shall be deemed to be the date that the LLC receives actual notice of the dissociation event.

## ARTICLE IX
## DISSOLUTION

- 6 -

Scanned with CamScanner

29.    Termination of LLC.  The LLC will be dissolved and its affairs must be wound up only upon such a decision by the Initial Member, provided no new Members have been added, or upon the written consent of seventy-five percent (75%) of the all Members should additional Members be added.

30.    Final Distributions.  Upon the winding up of the LLC, the assets must be distributed as follows: (a) to the LLC creditors; (b) to Members in satisfaction of liabilities for distributions; and (c) to Members first for the return of their contributions and secondly respecting their LLC interest, in the proportions in which the Members share in profits and losses.

## ARTICLE X
## TAX MATTERS

31.    Capital Accounts.  Capital accounts shall be maintained consistent with Internal Revenue Code § 704 and the regulations thereunder.

32.    Sole Proprietorship/Partnership Election.  The Initial Member elects that the LLC be taxed as a sole proprietorship, and that if additional Members are admitted, the LLC be taxed as a partnership. Any provisions of this Arrangement that may cause the LLC not to be taxed as a sole proprietorship or partnership shall be inoperative.

## ARTICLE XI
## RECORDS AND INFORMATION

33.    Records and Inspection.  The LLC shall maintain at its place of business the Articles of Organization, any amendments thereto, this Arrangement, and all other LLC records required to be kept by applicable law, and the same shall be subject to inspection and copying at the reasonable request, and the expense, of any Member.

34.    Obtaining Additional Information.  Subject to reasonable standards, each Member may obtain from the LLC from time to time upon reasonable demand for any purpose reasonably related to the Member's interest as a Member in the LLC: (1) information regarding the state of the business and financial condition of the LLC; (2) promptly after becoming available, a copy of the LLC's federal, state, and local income tax returns for each year; and (3) other information regarding the affairs of the LLC as is just and reasonable.

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

35.    Amendment.  Except as otherwise provided in this Arrangement, any amendment to this Arrangement may be proposed by a Member. Unless waived by the Members, the proposing Member shall submit to the Members any such proposed amendment together with an opinion of counsel as to the legality of such amendment and the recommendation of the Member as to its adoption. A proposed amendment shall become effective at such time as it has been approved in writing by a majority of the Members. This Arrangement may not be amended nor may any

- 7 -

Scanned with CamScanner

rights hereunder be waived except by an instrument in writing signed by the party sought to be charged with such amendment or waiver, except as otherwise provided in this Arrangement.

36.     Applicable Law. To the extent permitted by law, this Arrangement shall be construed in accordance with and governed by the laws of the State of California.

37.     Pronouns, Etc. References to a Member or Manager, including by use of a pronoun, shall be deemed to include masculine, feminine, singular, plural, individuals, partnerships, corporations or other business entities, where applicable.

38.     Counterparts. This instrument may be executed in any number of counterparts each of which shall be considered an original.

39.     Specific Performance. Each Member agrees with the other Members that the other Members would be irreparably damaged if any of the provisions of this Arrangement are not performed in accordance with their specific terms and that monetary damages would not provide an adequate remedy in such event. Accordingly, it is agreed that, in addition to any other remedy to which the non-breaching Members may be entitled, at law or in equity, the non-breaching Members shall be entitled to injunctive relief to prevent breaches of this Arrangement and, specifically, to enforce the terms and provisions of this Arrangement in any action instituted in any court of the United States or any state thereof having subject matter jurisdiction thereof.

40.     Further Action. Each Member, upon the request of the LLC, agrees to perform all further acts and to execute, acknowledge and deliver any documents which may be necessary, appropriate, or desirable to carry out the provisions of this Arrangement.

41.     Method of Notices. All written notices required or permitted by this Arrangement shall be hand delivered or sent by registered or certified mail, postage prepaid, addressed to the LLC at its place of business or to a Member as set forth on the Member's signature page of this Arrangement (except that any Member may from time to time give notice changing his address for that purpose), and shall be effective when personally delivered or, if mailed, on the date set forth on the receipt of registered or certified mail.

42.     Facsimiles. For purposes of this Arrangement, any copy, facsimile, telecommunication or other reliable reproduction of a writing, transmission or signature may be substituted or used in lieu of the original writing, transmission or signature for any and all purposes for which the original writing, transmission or signature could be used, provided that such copy, facsimile telecommunication or other reproduction shall have been confirmed received by the sending Party.

43.     Computation of Time. In computing any period of time under this Arrangement, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period shall run until the end of the next day which is not a Saturday, Sunday or legal holiday.

- 8 -

* * *

WHEREFORE, the Initial Member, being the single Member of this LLC, has executed this Arrangement on the 15day of June, 2007.

Signed: *Lamont Banks*

Print Name: Lamont Banks

Address: 2579 Jacobs Street
Hayward CA 94541

- 9 -

**Scanned with CamScanner**

File # **200 720 210060**

| LLC-1 | |
|---|---|



**State of California**
**Secretary of State**

**LIMITED LIABILITY COMPANY**
**ARTICLES OF ORGANIZATION**

**FILED**
In the office of the Secretary of State
of the State of California

**JUN 1 4** 2007

A $70.00 filing fee must accompany this form.

**IMPORTANT – Read instructions before completing this form.**

This Space For Filing Use Only

**ENTITY NAME** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME OF LIMITED LIABILITY COMPANY

Dream Courts, LLC

**PURPOSE** (The following statement is required by statute and should not be altered.)

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

**INITIAL AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and item 3 must be completed (leave item 4 blank).

3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

Teresa Banks

4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA | CITY | STATE | ZIP CODE

2579 Jacobs St. | Hayward | CA | 94541

**MANAGEMENT** (Check only one)

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

[ ] ONE MANAGER

[✓] MORE THAN ONE MANAGER

[ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

**ADDITIONAL INFORMATION**

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

**EXECUTION**

7. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

DATE 6-11-2007

SIGNATURE OF ORGANIZER

Teresa Banks
TYPE OR PRINT NAME OF ORGANIZER

LLC-1 (REV 04/2007)

APPROVED BY SECRETARY OF STATE

*One of four pages of police records pulled 7-6-17 for period 1-1-12 for one year*

*Teresa Callalafter security contract her report burglary + it was Lamont + Mile Steadman*

INCIDENT SEARCH
Print Date/Time: 7/6/2017 10:51:34 AM

| Incident Number | Call Date/Time | Officers | Dispositions | Location | Incident Type |
|---|---|---|---|---|---|
| 2012-00092899 | 11/18/2012 18:29:3 | 3863 Shaheen, 3770 McCrea, 2855 Navas | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Service |
| 2012-00082664 | 10/07/2012 11:53:5 | 3083 Martinez, 2951 Lintao | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Service |
| 2012-00082613 | 10/07/2012 01:03:0 | 3438 Whites, 2855 Navas, 3451 Cox, 3015 Lunger, 1193 Vonnegut, 3743 Fay, 3742 Sharrock, 3192 Landreth, 1147 Nguyen, 3146 McAdams, 2623 Wooley | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Nuisance |
| 2012-00077519 | 09/15/2012 21:59:4 | 3608 Najera, 3746 McAdams, 3771 Miller | Case Rpt - 1 | 22290 HATHAWAY AVE, Hayward | Nuisance |
| 2012-00077505 | 09/15/2012 21:13:1 | 3861 Morgan, 3723 Clark, 2429 Velasque | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Service |
| 2012-00077465 | 09/15/2012 17:51:5 | 3608 Najera, 3861 Morgan, 3723 Clark | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Service |
| 2012-00072284 | 08/26/2012 14:45:0 | 3608 Najera | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Service |
| 2012-00058826 | 08/14/2012 10:21:3 | 2927 Gonzalez, 3731 Fovel, 2855 Navas, 2910 Souza, 1898 Young, 2291 Sisson | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Nuisance |
| 2012-00058437 | 08/12/2012 17:29:0 | 3747 Garcia, 2855 Navas, 2069 Dorn | Dispo Rpt - 1 | 22290 HATHAWAY AVE, Hayward | Court Order |
| 2012-00058009 | 08/10/2012 22:59:2 | 3608 Najera, 3746 McAdams | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Nuisance |
| 2012-00057983 | 08/10/2012 21:29:0 | 3608 Najera, 3611 Ncmack | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Assault |
| 2012-00057601 | 08/09/2012 14:43:0 | 3611 Womack, 3468 Reinke | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Burglary |
| 2012-00056748 | 08/06/2012 12:41:0 | 2967 Reed | Case Rpt - : | 22290 HATHAWAY AVE, Hayward | Fraud |
| 2012-00055175 | 07/31/2012 14:41:0 | 3687 Celes, 3747 Garcia | Adj - 2 | 22290 HATHAWAY AVE, Hayward | Service |
| 2012-00054396 | 07/28/2012 17:02:3 | 3611 Womack, 3598 Marion | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Service |
| 2012-00054168 | 07/27/2012 18:46:2 | 3598 Marion | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Service |
| 2012-00054132 | 07/27/2012 17:22:4 | 3627 Troche, 3598 Marion | Dispo Rpt - 1 | 22290 HATHAWAY AVE, Hayward | Nuisance |
| 2012-00051228 | 07/17/2012 00:35:4 | 3193 Vonnegut, 3635 Shannon | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Larceny |
| 2012-00051019 | 07/16/2012 08:05: | 2997 Forell, 1751 Ngnes, 3474 Allen, 3083 Martinez | UNF - 1 | 22290 HATHAGAY AVE, Hayward | Burglary |
| 2012-00050567 | 07/14/2012 08:11:2 | 3538 Jimenez, 3540 Petersen | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Domestic |
| 2012-00051859 | 07/13/2012 21:36:0 | 3553 Atagi | Adj - 1 | 22290 HATHANAY AVE, Hayward | Larceny |
| 2012-00049609 | 07/10/2012 15:38:1 | 2927 Gonzalez, 3439 Whites | Adj - 1 | 22290 HATHAWAY AVE, Hayward | Service |
| 2012-00038844 | 05/23/2012 18:14:0 | 2927 Gonzalez, 3439 Whites | Case Rpt - 1 | 22290 HATHAWAY AVE, Hayward | Vehicle Theft |

Names of attorney(s)
1 | Firm's name and addresss

2

3 | [RENE C DAVIDSON]

4

| | | Case No.: No.
5 | Plaintiff name(s), TERESA BANKS | )
| | )
6 | Plaintiff, | ) BC-2 ATTACHMENT
| | )
7 | vs. | )
| | )
8 | Defendant name(s), LAMONT BANKS, SR. | )
| | )
9 | Defendant | )

10

11 | DEFENDANT, LAMONT BANKS, BROKE INTO THE BUILDING LOCATED AT 22290 HATHAWAY AVENUE

12 | WHICH WAS PLAINTIFFS PLACE OF BUSINESS.  DEFENDANT CHANGED THE LOCKS TO THE BUILDING

13 | TO KEEP PLAINTIFF FROM ENTERING.

14 | DEFENDANT PROVIDED POLICE WITH DOCUMENTS STATING THAT DEFENDANT WAS THE MAJORITY

15 | SHAREHOLDER AND PRESIDENT OF PLAINTIFFS COMPANIES AKA DREAM COURTS, LLC., DREAM COURTS

16 | AND SPORTS, INC., AND DREAM COURTS FOUNDATION, INC., (501c3).  THESE DOCUMENTS STATED

17 | THAT PLAINTIFF, TERESA BANKS, (WHO WAS THE TRUE OWNER OF THE BUSINESSES LOCATED IN

18 | THIS BUILDING) WAS AN EMPLOYEE AND THAT SHE WAS BEING TERMINATED BY DEFENDANT FROM HER

19 | COMPANIES.

20 | DEFENDANT COMMITTED ACTS OF DEFFLAMATION OF CHARACTER AND SLANDER PUTTING THE

21 | PLAINTIFF IN A FALSE LIGHT IN AN ATTEMPT TO ILLEGALLY AND UNLAWFULLY TAKE OVER

22 | PLAINTIFFS COMPANIES; DREAM COURTS, LLC., DREAM COURTS AND SPORTS, INC., AND DREAM

23 | COURTS FOUNDATION, INC. (501c3).

24 | THE FOLLOWING METHODS AND STATEMENTS WERE USED.

25 | DEFENDANT:
      A) CONTACTED CORPORATE ACCOUNTS REPRESENTATIVES, STATING THAT THEY SHOULD NOT
26 |       CONTACT PLAINTIFF DUE TO THE "FEDS" BEING AFTER HER FOR CUSTOMER CREDIT CARD OVER
27 |       CHARGES. SOME BANKING ACCOUNTS WERE UNDER CONTRACT WITH PLAINTIFF.  ALL
           CONTACT WAS AVOIDED BY MR. PAUL AFTER JULY 15, 2012.
28

[Pleading title summary] - 1

Scanned with CamScanner

B) DEFENDANT INFORMED PLAINTIFFS BUSINESS ASSOCIATES, COLLEAGUES, POTENTIAL PARTNERS, LANDLORD AND EMPLOYEES THAT WERE EMPLOYED UNDER PLAINTIFF THAT THE FEDS WERE AFTER PLAINTIFF AND INSTRUCTED THEM TO HANG UP THE PHONE IF SHE CALLED AND TO AVOID ALL CONTACT WITH HER.

C) DEFENDANT INSTRUCTED PLAINTIFFS BUSINESS ASSOCIATES, COLLEAGUES, POTENTIAL PARTNERS, LANDLORD AND EMPLOYEES THAT WERE EMPLOYED UNDER PLAINTIFF TO SERVE A TERMINATION LETTER TO PLAINTIFF AND IMMEDIATELY CALL THE POLICE IF PLAINTIFF CAME TO THE BUSINESS PREMISES LOCATED AT 22290 HATHAWAY AVE., HAYWARD, CA..

D) DEFENDANT INFORMED COLLEAGUES, ASSOCIATES, LANDLORD AND EMPLOYEES THAT WERE EMPLOYED UNDER PLAINTIFF THAT SHE WAS ABANDONING THE COMPANY, STEALING MONEY AND ON DRUGS.

E) DEFENDANT POSTED ON SOCIAL MEDIA STATEMENTS LISTED IN ITEMS A, B AND C.

F) DEFENDANT CONDUCTED BUSINESS AS IF HE WAS AUTHORIZED TO DO SO.

G) DEFENDANT ORGANIZED MEETINGS WITH THE LANDLORD AND WOULD BE NEW BUSINESS PARTNERS IN AN ATTEMPT TO TAKE OVER THE COMPANIES INFORMING ALL PARTIES INVOLVED THAT PLAINTIFF TERESA BANKS WAS NOT THE OWNER.

H) DEFENDANT LAMONT BANKS, OPENED A BANK ACCOUNT UNDER PLAINTIFFS COMPANY NAME WITHOUT AUTHORIZATION OF THE OWNER, PLAINTIFF, TERESA BANKS. LACK OF AUTHORIZATION TO CONDUCT BUSINESS AND OPEN THE ACCOUNT RESULTED IN ACTIONS TO CLOSE THE ACCOUNT BY THE INSTITUTION. DEFENDANT REMOVED ALL FUNDS IN THE ACCOUNT IN EXCESS OF 69 THOUSAND DOLLARS. DEFENDANTS CHECKS WRITTEN TO LANDLORD AND OTHER CREDITORS WERE RETURNED UNPAID RESULTING IN THE CLOSE OF THE PLAINTIFFS COMPANIES.

I) ALTHOUGH PLAINTIFF TERESA BANKS WAS THE SOLE OWNER AND ACTIVELY IN BUSINESS, DEFENDANT TOOK OVER AND OPERATED THE COMPANY AS IF IT WAS HIS.

J) DEFENDANT CONDUCTED PRIVATE NEGOTIATIONS WITH PLAINTIFFS COLLEAGUES AND THE LANDLORD TO EXCLUDE PLAINTIFF TERESA BANKS IN ANY FUTURE BUSINESS.

K) DEFENDANT LAMONT BANKS ORGANIZED THE ILLEGAL TAKEOVER, RESTRUCTURE AND REFORMATION OF PLAINTIFFS COMPANY WITH A NEW GROUP OF INDIVIDUALS THAT WERE UNDER A SIGNED NDA/NON COMPETE AGREEMENT WITH PLAINTIFF. DEFENDANT FORCED PLAINTIFF OUT AND OPENED THE SAME BUSINESS IN THE SAME LOCATION UNDER A NEW NAME.

Dated this 1ST day of May, 2017

[Pleading title summary] - 2

**Scanned with CamScanner**

## Penal and Federal Codes Violated by Respondent and Number of Offenses

California Penal Code §646.9(e) Stalking

California PC 646.9 Harassment

California PC 273.6. (a) Any intentional and knowing violation of a protective order - 8 times

California Code, Penal Code 422.6  Intimidation

California Penal Code 459, Breaking and Entering

California Penal Code 530.5 PC, Identity theft

California Penal Code 166 PC Violation of a court order

California PC 186.11. Commit 2 or more related felonies of fraud or embezzlement

18 U.S.C. § 1001- Federal - Making false statements

California PC182 Conspiracy

PC 115 Attempt to Record False or Forged Instrument -11 times

PC 118 Perjury - 10 times

Penal Code 487 Grand Larceny

Penal Code section 484, any person who uses fraud or deceit to obtain possession to money, labor, or real personal property is guilty of theft by trick

### Timeline of Events

2/28/12 Respondent moved out of the home and into Petitioner's income property (unauthorized)

4/30/12 Respondent signed, notarized and executed an MSA

5/01/12 Petitioner filed dissolution

5/22/12 Petitioner filed police report for Respondent's threats

5/11/2012 thru 5/25/2012 Respondent violated MSA

5/31/2012 Petitioner obtained DVTRO with stay away orders against Respondent

---

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner

*6/21/2012 Respondent filed false statements in the docket. **Violation of PC273.6, PC115, PC118**

6/22/2012 Petitioner missed the court hearing.  Respondent testified. DVTRO denied

7/2/2012 Petitioner obtained attorney and filed MSA in docket. Petitioner notified family court of respondent's violation of the MSA.

7/11/12 Petitioner obtained DVTRO to keep Respondent away from Petitioner, her home, business, and car

*7/16/12 Respondent broke into Petitioners business **Violation of PC273.6, PC 646.9, PC 459,**

*7/16/2012 Respondent provided police with false documents that would allow respondent to continue to break into Petitioners business and commit crimes.

**Violation of PC273.6, PC115, PC118, PC 646.9, PC 459, PC 186.11. PC182**

*7/16/2012 Respondent filed false statements and the same false documents that were served on police in the case listed above. **PC 115, PC118, PC273.6, PC646.9**

*7/16/12- 7/28/12 Respondent took over Petitioners business, fired personnel, removed signage, gave all personnel a termination letter and instructions to call police if petitioner came to the building, contacted all petitioners colleagues, bankers, customers and stated that the petitioner was on drugs and the feds were after her.  Respondent told every person that petitioner knew including the petitioner's kids that petitioner abandoned them.

**Violation of PC273.6, PC115, PC118, PC 646.9, PC 459, PC 186.11. PC182,**

Respondent opened a Wells Fargo bank account with the person that broke into the building with him.  Wells Fargo contacted Petitioner to get authorization for the account.  Wells Fargo had looked up the corporation and found Petitioner was the sole owner of the company and a letter of authorization was required from petitioner.  Petitioner declined to authorize the account.  The Wells

---

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner

1  Fargo Banker stated she would close it without the authorization. **Violation of PC273.6, PC115,**

2  **PC118, PC 646.9, PC 459, PC 186.11. PC182, PC 530.5**

3  7/28/12 Sergeant Boynkins of Hayward Police sent 2 civil standby officers to escort petitioner back

4
   into her business after receiving actual corporate documents that Petitioner was the sole owner of the
5
6  business. Respondent and all his personnel were removed by police and prohibited from returning.

7  **\*7/28/12-8/14/12** Respondent called police numerous times to try to arrest Petitioner.  Respondent

8  had people in the business spying on Petitioner. **Violated Penal Code §646.9(e) PC115, PC118,**

9  **PC273.6**

10
   7/31/12 Petitioners DVTRO extended
11
12 **\*8/4/12** Petitioner received eviction notice due to Respondent's bouncing checks for rent. **PC 186.11.**

13 **\*8/6/2012** Respondent filed false police reports against Petitioner. **Violated PC148.5, PC182, PC115,**

14 **PC118**

15 **\*8/14/12** Respondent had Hayward Police come to Petitioner's business to arrest her for moving her

16
   business equipment.  **Violated Penal Code §646.9(e) PC115, PC118, PC273.6**
17
18 **\*8/14/12** Petitioner provided Police with court documents proving Respondent was lying.  Police

19 called respondent who was at a nearby parking to stop calling them and to stop harassing petitioner

20 and that petitioner was not violating any laws. **Violated Penal Code §646.9(e) PC 115**

21 4/2013 Respondent placed cars from the marriage in our daughters name.

22
   8/1/2013 Respondent ordered to pay child support and provide health insurance for 3 minor children
23
24 10/1/2013 thru 2/2014 Petitioner began eviction process of Respondent.  Judge Grillo had Alameda

25 County Sherriff present at every hearing.

26

27

28

---

Plaintiffs' Attachment and Affidavit in Support of Contempt

**Scanned with CamScanner**

1  **10/2/2013** DVTRO extended unchanged as to the 7/11/12 DVTRO Respondent's actions were

2  consistently in violation of Petitioners Protection Order. The DVTRO terms were extended until it

3  ended. The DVTRO ended due to an error of the court. **California PC 273.6. (a)**

4
5  **\*1/2014** Respondent kicked in Petitioners tenants door demanding that the tenant pay rent to

6  respondent. **Violated Penal Code §646.9, PC 422.6**

7  2/2014 Respondent evicted for 2 years of no payment from Petitioner's property by Alameda County

8  Sherriff and Alameda County Superior Court Judge Grillo.

9  2/2014 thru 1/2016 Respondent nowhere to be found

10
11  **\*1/15/2016** Respondent assisted his fiancée Deija Holmes-Mapp in accessing Petitioners personal

12  loans by using Petitioner's personal information. **Violation of 530.5 PC, 646.9**

13  **\*1/2017** Respondent claimed cars placed in daughters name as cars he owns on Federal Bankruptcy

14  filings. **18 U.S.C. § 1001, Violation of PC115, PC118**

15  **\*1/2017** Respondent reported a dissolved corporation as current business on Federal Bankruptcy

16  Documents with incorrect EIN number in an attempt to take Petitioners property.
17
18  **Violation of PC115, PC118 and 18 U.S.C. § 1001**

19  **\*1/2017** Respondent attempted to evict petitioner's tenants. **Violated Penal Code §646.9, PC 422.6**

20  **\*1/2018 thru 3/2018** Respondent failed to pay child support **Penal Code 166**

21  **\*3/15/2018** Respondent failed to provide health insurance for the minor children since the order was

22  made 8/1/2013. **Violated Penal Code 166**

23
24  **\*3/15/2018** Respondent has failed to follow visitation orders from 7/11/2012.

25  **Violated Penal Code 166**

26
27  **Description of Penal Codes**
28

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner

1   **California Penal Code §646.9(e) Stalking** - Any person who willfully, maliciously, and repeatedly

2   follows or harasses another person and who makes a credible threat with the intent to place that

3   person in reasonable fear for his or her safety, of his or her immediate family

4
5   **California PC 646.9 Harassment** - defines harassed as a "knowing and willful course of conduct

6   directed at a specific person that seriously alarms, annoys, torments, or terrorizes the person, and that

7   serves no legitimate purpose. This course of conduct must be such as would cause a reasonable

8   person to suffer substantial emotional distress and must actually cause substantial emotional distress."

9   **California PC 273.6. (a)** Any intentional and knowing violation of a protective order, as defined in

10
11  Section 6218 of the Family Code, or of an order issued pursuant to Section 527.6, 527.8, or 527.85

12  of the Code of Civil Procedure, or Section 15657.03 of the Welfare and Institutions Code, is a

13  misdemeanor punishable by a fine of not more than one thousand dollars ($1,000), or by

14  imprisonment in a county jail for not more than one year, or by both that fine and imprisonment.

15
16  **California Penal Code 273.6** [1] it is illegal to intentionally violate the terms of a judge

17  issued restraining order against you.

18  **California Code, Penal Code 422.6 (a)** No person, whether or not acting under color of law, shall

19  by force or threat of force, willfully injure, intimidate, interfere with, oppress, or threaten any other

20
21  person in the free exercise or enjoyment of any right or privilege secured to him or her by the

22  Constitution or laws of this state.

23  **California PC 459.** Under California Penal Code 459, "breaking and entering" commonly referred

24  to as burglary, is a felony in California. Burglary is the entering of another's residential or

25
26  commercial dwelling with intent to commit theft or any felony.

27  **California Penal Code 530.5 PC**, identity theft is a "wobbler" which can be charged as either a

28  felony or a misdemeanor, depending on the criminal history of the defendant, the extent of the loss

---

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner

1   cause Penal Code section 484, any person who uses fraud or deceit to obtain possession to

2   money, labor, or real personal property is guilty of theft by trick

3   California Penal Code 166 PC is a broader statute that applies to the violation of any court

4

5   order or any action that can be considered contempt of court.

6   California PC 186.11.  (a) (1) Any person who commits two or more related felonies, a material

7   element of which is fraud or embezzlement, which involve a pattern of related felony conduct, and

8   the pattern of related felony conduct involves the taking of, or results in the loss by another person

9

10   or entity of, more than one hundred thousand dollars ($100,000) (See attached actual financials for

11   Petitioner's company)

12   Making false statements (18 U.S.C. § 1001) is the common name for the United

13   States federal crime laid out in Section 1001 of Title 18 of the United States Code

14

15   California PC182 Conspiracy to (a) If two or more persons conspire:

16   (1) To commit any crime.

17   (2) Falsely and maliciously to indict another for any crime, or to procure another to be charged or

18   arrested for any crime.

19

20   (3) Falsely to move or maintain any suit, action, or proceeding.

21   (4) To cheat and defraud any person of any property, by any means which are in themselves

22   criminal, or to obtain money or property by false pretenses or by false promises with fraudulent

23

24   intent not to perform those promises.

25

26

27   Dated: _____.

28

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner

1 | Teresa Banks
2 | 2206 Encinal ave
3 | Alameda, Ca 94501
4 | 510-282-5803
5 | Petitioner/Plaintiff, In Pro Per
6

7 | SUPERIOR COURT OF CALIFORNIA
8 | COUNTY OF ALAMEDA
9

10

11 | TERESA BANKS, Petitioner/Plaintiff,    ) Case No.: HF12628212

12 | vs.    )
      )
13 | LAMONT BANKS, Respondent/Defendant    ) PLAINTIFFS Attachment and Affidavit in
14 |     ) Support of Contempt
15 |     )
16 |     )
17 |     )
18

19
20 | I, Teresa Banks, the Petitioner in the above case, declare that the following is true and correct.
21 | Timeline of events in this case is listed below. Events listed in violation of Penal Codes are marked
22 | with an asterisk. The Penal Code Descriptions applicable in support of contempt against Respondent
23 | are listed at the last portion of this document.

**Timeline of Events**

24 | 2/28/12 Respondent moved out of the home and into Petitioner's income property (unauthorized)
25 | 4/30/12 Respondent signed, notarized and executed an MSA
26 | 5/01/12 Petitioner filed dissolution
27 | 5/22/12 Petitioner filed police report for Respondent's threats
28 | 5/11/2012 thru 5/25/2012 Respondent violated MSA

---

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner

1  5/31/2012 Petitioner obtained DVTRO with stay away orders against Respondent

2  **\*6/21/2012** Respondent filed false statements in the docket. **Violation of PC273.6, PC115, PC118**

3  6/22/2012 Petitioner missed the court hearing.  Respondent testified. DVTRO denied

4  7/2/2012 Petitioner obtained attorney and filed MSA in docket.  Petitioner notified family court of respondent's violation of the MSA.

5
6  7/11/12 Petitioner obtained DVTRO to keep Respondent away from Petitioner, her home, business, car

7  **\*7/16/12** Respondent broke into Petitioners business **Violation of PC273.6, PC 646.9, PC 459,**

8

9  **\*7/16/2012** Respondent provided police with false documents that would allow respondent to

10  continue to break into Petitioners business and commit crimes. **Violation of PC273.6, PC115,**

11  **PC118, PC 646.9, PC 459, PC 186.11. PC182**

12
13  **\*7/16/2012** Respondent filed false statements in the docket. **PC 115, PC118**

14  **\*7/16/12- 7/28/12** Respondent took over Petitioners business, fired personnel, removed signage, gave

all personnel a termination letter and instructions to call police if petitioner came to the building,

15  contacted all petitioners colleagues, bankers, customers and stated that the petitioner was on drugs

16  and the feds were after her.  Told everyone including the petitioner's kids that petitioner abandoned

17  them. **Violation of PC273.6, PC115, PC118, PC 646.9, PC 459, PC 186.11. PC182,**

18  Respondent opened a Wells Fargo bank account with the person that broke into the building with

19  him.  Wells Fargo contacted Petitioner to get authorization for the account.  Wells Fargo had looked

20  up the corporation and found Petitioner was the sole owner of the company and a letter of

authorization was required from petitioner.  Petitioner declined to authorize the account.  The Wells

21  Fargo Banker stated she would close it without the authorization. **Violation of PC273.6, PC115,**

22  **PC118, PC 646.9, PC 459, PC 186.11. PC182, PC 530.5**

23  7/28/12 Sergeant Boynkins of Hayward Police sent 2 civil standby officers to escort petitioner back

24  into her business after receiving actual corporate documents that Petitioner was the sole owner of the

25  business. Respondent and all his personnel were removed by police and prohibited from returning.

26  **\*7/28/12-8/14/12** Respondent called police numerous times to try to arrest Petitioner.  Respondent

27  had people in the business spying on Petitioner. **Violated Penal Code §646.9(e) PC115, PC118,**

28  **PC273.6**

---

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner

1  7/31/12 Petitioners DVTRO extended

2  *8/4/12 Petitioner received eviction notice due to Respondent's bouncing checks for rent. **PC 186.11.**

3  *8/6/2012 Respondent filed false police reports against Petitioner. **Violated PC148.5**

4  *8/14/12 Respondent had Hayward Police come to Petitioner's business to arrest her for moving her
   business equipment. **Violated Penal Code §646.9(e) PC115, PC118, PC273.6**

5  *8/14/12 Petitioner provided Police with court documents proving Respondent was lying. Police

6  called respondent who was at a nearby parking to stop calling them and to stop harassing petitioner

7  and that petitioner was not violating any laws. **Violated Penal Code §646.9(e) PC 115**

8  4/2013 Respondent placed cars from the marriage in our daughters name.

9  8/1/2013 Respondent ordered to pay child support and provide health insurance for 3 minor children

10 10/1/2013 thru 2/2014 Petitioner began eviction process of Respondent. Judge Grillo had Alameda

11 County Sherriff present at every hearing.

12 *1/2014 Respondent kicked in Petitioners tenants door demanding that the tenant pay rent to
   respondent. **Violated Penal Code §646.9, PC 422.6**

13 2/2014 Respondent evicted for 2 years of no payment from Petitioner's property by Alameda County

14 Sherriff and Alameda County Superior Court Judge Grillo.

15 2/2014 thru 1/2016 Respondent nowhere to be found

16 *1/15/2016 Respondent assisted his fiancée Deija Holmes-Mapp in accessing Petitioners personal

17 loans by using Petitioner's personal information. **Violation of 530.5 PC**

18 *1/2017 Respondent claimed cars placed in daughters name as cars he owns on Federal Bankruptcy

19 filings. **18 U.S.C. § 1001, Violation of PC115, PC118**

20 *1/2017 Respondent reported a dissolved corporation as current business on Federal Bankruptcy
   Documents with incorrect EIN number in an attempt to take Petitioners property. **18 U.S.C. § 1001,**

21 **Violation of PC115, PC118**

22 *1/2017 Respondent attempted to evict petitioner's tenants. **Violated Penal Code §646.9, PC 422.6**

23 *1/2018 thru 3/2018 Respondent failed to pay child support **Penal Code 166**

24 *3/15/2018 Respondent failed to provide health insurance for the minor children since the order was

25 made 8/1/2013. **Violated Penal Code 166**

26 *3/15/2018 Respondent has failed to follow visitation orders from 7/11/2012. **Violated Penal**

27 **Code 166**

28

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner

## Description of Penal Codes

**California Penal Code §646.9(e) Stalking** - Any person who willfully, maliciously, and repeatedly follows or harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, of his or her immediate family

**California PC 646.9 Harassment** - defines harassed as a "knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, torments, or terrorizes the person, and that serves no legitimate purpose. This course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress and must actually cause substantial emotional distress."

**California PC 273.6. (a)** Any intentional and knowing violation of a protective order, as defined in Section 6218 of the Family Code, or of an order issued pursuant to Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure, or Section 15657.03 of the Welfare and Institutions Code, is a misdemeanor punishable by a fine of not more than one thousand dollars ($1,000), or by imprisonment in a county jail for not more than one year, or by both that fine and imprisonment.

**California Penal Code 273.6** [1] it is illegal to intentionally violate the terms of a judge issued restraining order against you.

**California Code, Penal Code 422.6 (a)** No person, whether or not acting under color of law, shall by force or threat of force, willfully injure, intimidate, interfere with, oppress, or threaten any other person in the free exercise or enjoyment of any right or privilege secured to him or her by the Constitution or laws of this state.

**California PC 459.** Under California Penal Code 459, "breaking and entering" commonly referred to as burglary, is a felony in California. Burglary is the entering of another's residential or commercial dwelling with intent to commit theft or any felony.

**California Penal Code 530.5 PC,** identity theft is a "wobbler" which can be charged as either a felony or a misdemeanor, depending on the criminal history of the defendant, the extent of the loss caused by the crime, and other relevant factors.

**California Penal Code 166 PC** is a broader statute that applies to the violation of any court order or any action that can be considered contempt of court.

**California PC 186.11. (a) (1)** Any person who commits two or more related felonies, a material element of which is fraud or embezzlement, which involve a pattern of related felony conduct, and

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner

1  the pattern of related felony conduct involves the taking of, **or results in the loss by another person**

2  **or entity of, more than one hundred thousand dollars ($100,000)** (See attached actual financials

3  for Petitioner's company)

4  Making false statements (18 U.S.C. § 1001) is the common name for the United States federal crime

5  laid out in Section 1001 of Title 18 of the United States Code

6  **California PC182** Conspiracy to (a) If two or more persons conspire:

7  (1) To commit any crime.

8  (2) Falsely and maliciously to indict another for any crime, or to procure another to be charged or
   arrested for any crime.

9
   (3) Falsely to move or maintain any suit, action, or proceeding.

10
   (4) To cheat and defraud any person of any property, by any means which are in themselves

11  criminal, or to obtain money or property by false pretenses or by false promises with fraudulent

12  intent not to perform those promises.

13

14

15  Dated: 6-22-18

16

17                                                     Petitioner, Teresa Banks

18

19

20

21

22

23

24

25

26

27

28

---

Plaintiffs' Attachment and Affidavit in Support of Contempt

Scanned with CamScanner